OPINION
{¶ 1} Defendant-appellant Jason C. Kremer ("Kremer") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County finding him guilty of two counts of forgery.
 {¶ 2} Between April 29 and May 20, 2004, Kremer presented payroll checks from Taylor Glass in four separate counties. Two of these checks were presented on April 29, 2004, in Van Wert County. On June 4, 2004, Kremer was indicted on two counts of forgery. Kremer entered a guilty plea to both charges on June 30, 2004. On August 11, 2004, a sentencing hearing was held. Kremer was sentenced to six months on each of the charges to be served concurrent to each other and to be served concurrent to the prior sentence issued by Putnam County. The judgment was journalized on August 12, 2004. No appeal was taken from this judgment.
 {¶ 3} On November 18, 2004, Kremer filed a motion to vacate his sentence. The State filed its response on December 15, 2004. On January 3, 2005, Kremer filed its response and requested that his motion be withdrawn. The trial court entered judgment on January 4, 2005, denying the motion to vacate Kremer's sentence. Kremer now appeals from this judgment and raises the following assignments of error.
The trial court erred in finding that the Van Wert CountyCourt of Common Pleas had venue and subject matter jurisdiction.
 The trial court erred to the prejudice of [Kremer] as thedouble jeopardy clause prevented his conviction.
 {¶ 4} Although Kremer's brief asserts that this is a "delayed appeal" from the original judgment of sentence, the time for appealing the sentence has expired and no direct appeal was taken. Kremer did not seek leave to file a delayed appeal and no such leave was granted. Thus, the only judgment before this court is whether the trial court properly overruled a motion to vacate the sentence. This court also notes that this issue may be moot since Kremer's sentence was completed on February 11, 2005.
 {¶ 5} Kremer's first assignment of error alleges that the trial court lacked subject matter jurisdiction and venue over the offenses. Subject matter jurisdiction refers to the authority of the court to hear a matter and may not be waived. The matter at issue here is a felony criminal case. The common pleas court of a county has subject matter jurisdiction over these matters. Thus the trial court did not lack subject matter jurisdiction.
 {¶ 6} Venue refers to the proper place for bringing a suit. The question of venue is one of convenience regarding which court is the best in which to bring the claim among all of those with jurisdiction. The failure to allege improper venue can be waived if it is not raised in the trial court. Here, Kremer failed to raise the issue in the trial court at all. Thus, he waived venue and cannot appeal the venue now. The first assignment of error is overruled.
 {¶ 7} In the second assignment of error, Kremer claims that his conviction violated the double jeopardy clause of the U.S. Constitution. Kremer claims that the transactions in question occurred as part of the same transaction. However, this issue was not raised in the trial court. The sole claim in the motion to vacate Kremer's sentence was that his sentence violated the U.S. Supreme Court's ruling in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.[1] Arguments raised for the first time on appeal will not be considered by the appellate court. Perlmutter v. People's Jewelry Co., 6th Dist. No. L-04-1271, 2004-Ohio 5031, ¶ 28.
 {¶ 8} The judgment of the Court of Common Pleas of Van Wert County is affirmed.
Judgment Affirmed.
 Bryant and Shaw, J.J., concur.
[1] Because the assignments of error do not address any allegedBlakely issues, those issues will not be reviewed.