OPINION
{¶ 1} Respondent-appellant, Michael Durrah, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting a civil protection order requested by his wife, petitioner-appellee, Veronica Durrah.
 {¶ 2} Appellee filed a petition for a domestic civil protection order (CPO) under R.C. 3113.31 on April 4, 2005. On that date, the court issued an ex parte CPO and a full hearing was scheduled for April 13, 2005.
 {¶ 3} Both appellant and appellee appeared at the April 13 hearing without counsel. After a discussion with the magistrate, both parties indicated that they wanted to proceed without counsel. Appellee testified that she and appellant engaged in a verbal fight on the morning of April 4. She testified that the fight became physical when appellant grabbed her by the neck and that at one point, he pinned her to the ground by her arms. Appellee also testified that appellant dragged her down the hallway and shoved her into a wall and into a sink.
 {¶ 4} After a discussion of his Fifth Amendment rights, appellant testified that he and appellee were arguing and he grabbed her in order to restrain her because she becomes violent and breaks things when they argue. He also admitted that he dragged her down the hall. While testifying, appellant mentioned that he was a Cincinnati police officer. At that point, the magistrate discussed possible consequences of granting the CPO with both parties, including the possibility of appellant losing his job. The magistrate suggested that both parties get legal advice to determine how to proceed in the matter. A continuance was granted until April 28, 2005 for the parties to obtain legal advice.
 {¶ 5} On April 28, 2005, the magistrate granted appellee's request for a CPO. Appellant filed objections to the magistrate's decision on that date, alleging that appellee's testimony was not credible and that she committed perjury in her testimony on April 5. A hearing on the objections was set for May 6, but was continued on appellant's request to have an attorney review the transcript and submit a memorandum.
 {¶ 6} On May 23, the trial court held a hearing on the objections to the magistrate's decision. Appellant's counsel appeared, and argued that the magistrate's decision should be reversed on the basis that the court did not have venue and because the magistrate had stated that it was granting a continuance at the April 13 hearing. The court found no merit to appellant's objections and affirmed the magistrate's decision granting the CPO.
 {¶ 7} Appellant now appeals the trial court's decision to grant the CPO. In a single assignment of error, he contends that the trial court abused its discretion and erred as a matter or law in granting the CPO. Appellant presents two arguments to support his assignment of error. First, he argues that the trial court did not have standing to grant the CPO because venue was not properly in Butler County. Second, he argues that it was error for the magistrate to grant the CPO after stating that a continuance was being granted for the parties to obtain counsel.
 {¶ 8} We begin with appellant's argument regarding the proper venue for this case. Venue relates to the geographic division, either by county or district, where a case should be tried.Wilson v. Brown, Belmont App. No. 01-BA-35, 2002-Ohio-2410. Appellant, citing to the Ohio Rules of Civil Procedure, argues that venue was proper in Hamilton County because he resides there and because the activity that gave rise to the claim for relief occurred there.
 {¶ 9} However, appellant's citation to the rules fails to consider a 1998 amendment which specifically addresses venue in actions for CPO actions. This provision states that proper venue is found "[i]n actions for a civil protection order, in the county in which the petitioner currently or temporarily resides." Civ.R. 3(B)(10). Thus, venue in this case was proper in the county in which appellee was currently or temporarily residing.
 {¶ 10} The staff notes regarding the 1998 amendment state that the respondent in a CPO action remains free to challenge venue under Civ.R. 3(D). This rule states that on motion or a party or on its own motion, if venue is improper, a court may transfer an action to the proper venue.
 {¶ 11} However, the civil rules provide a time frame for challenging venue: "Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto, if one is required, except that the following defenses may at the option of the pleader be made by motion * * * (3) improper venue. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * * If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."
 {¶ 12} A motion for improper venue is waived if not made by motion or in a responsive pleading as provided by the rules. Civ.R. H(1). In accordance with the civil rules, "it is essential that a party asserting improper venue must make such an assertion at the earliest possible moment." Nicholson v. Landis (1985),27 Ohio App.3d 107, 109.
 {¶ 13} In this case, appellant appeared at the full hearing on April 13, yet failed to raise the venue issue before the case was heard. The hearing was continued until April 28 and a decision was issued. Appellant filed objections to the magistrate's decision, an objection hearing was set, and a continuance was granted. The issue of venue was not raised until the hearing on objections. A venue motion at this point in the trial process was untimely. See McGannon v. A. AmericanEntertainment Corp. (July 15, 1999), Cuyahoga App. No. 76002. Accordingly, appellant waived any objection to venue of the action and can not now raise the issue on appeal.
 {¶ 14} In appellant's second argument on appeal, he contends that it was prejudicial error for the magistrate to grant a continuance, and to then grant a CPO. Appellant argues that the granting of the CPO and the failure to grant a continuance was an abuse of discretion.
 {¶ 15} We find appellant's argument on this issue disingenuous. Appellant appears to argue that the trial court said it was granting a continuance, then proceeded to grant the CPO without any further hearing on the matter. However, a review of the procedure in this case reveals that a continuance was granted at the April 13 hearing so that the parties could obtain and consult with legal counsel if desired. Appellant has provided a copy of this transcript for our review. The magistrate stated that after hearing testimony, there was sufficient evidence to grant the CPO, but that the parties should consult with counsel to determine if they wanted to proceed with the matter.
 {¶ 16} The continuance was granted, and a hearing was set for April 28. No transcript of the April 28 hearing has been provided to this court. However, the magistrate issued a decision on that date which states, "[t]his proceeding came on for a hearing on April 28, 2005 before the * * * magistrate pursuant to Civ.R. 53 and the Ex Parte Order filed on April 4, 2005. The following individuals were present [:] Veronica Durrah and Michael Durrah." The order is dated April 28 and is signed by appellant. Thus, the magistrate did grant the continuance, and the case was again before the magistrate on April 28. Therefore, we find no merit to appellant's argument that he was prejudiced by the denial of a continuance, as the continuance was, in fact, granted.
 {¶ 17} Appellant's assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Walsh, P.J., and Young, J., concur.