OPINION
{¶ 1} Defendant-appellant, Jeffrey L. Tessman, appeals from a judgment of the Franklin County Municipal Court denying his motion to vacate a default judgment entered in favor of plaintiff-appellee, Cheap Escape Company, Inc. dba JB Dollar Stretcher Magazine ("JB Dollar"). Because the trial court lacked subject matter jurisdiction over the action, we reverse. *Page 2 
 {¶ 2} In September 2004, a representative from JB Dollar made a sales call to Haddox, LLC's office in Summit County, Ohio, where defendant, on behalf of Haddox, executed advertising agreements with JB Dollar. Under the agreements, Haddox agreed to pay JB Dollar for a one-half-page advertisement in its monthly magazine for circulation in the Canton and Akron markets; defendant also signed as guarantor of Haddox's obligation. The agreement contained a forum selection clause stating, "Purchaser and Publisher both agree that in the event either party is in non-compliance with any provision of Agreement, the proper venue for litigation purposes will be in the Franklin County Municipal Court or Franklin County Common Pleas."
 {¶ 3} Haddox's alleged default under the terms of the agreements prompted JB Dollar to file suit against defendant and Haddox in the Franklin County Municipal Court for the outstanding balance due. After finding defendant and Haddox failed to plead or otherwise defend, the court granted JB Dollar's motion for default judgment on September 7, 2005.
 {¶ 4} On July 28, 2006, defendant filed a motion to vacate the default judgment, arguing the judgment was void ab initio because the trial court lacked subject matter jurisdiction over the case. JB Dollar countered that the advertising agreement's forum selection clause endowed the Franklin County Municipal Court with jurisdiction over defendant pursuant to R.C. 1901.18. Interpreting R.C. 1901.17 and1901.18(A)(3), the trial court concluded subject matter jurisdiction vests in a municipal court for a contract action where the prayer for relief does not exceed $15,000, whether or not the parties are residents in the court's territorial jurisdiction. Combining its statutory interpretation with the *Page 3 
forum selection clause, the trial court concluded the Franklin County Municipal Court had subject matter jurisdiction over the case, and it denied defendant's motion to vacate.
 {¶ 5} Defendant appeals assigning three errors:
 ASSIGNMENT OF ERROR I
 THE COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE DEFAULT JUDGMENT.
 ASSIGNMENT OF ERROR II
 THE COURT ERRED IN RENDERING A DEFAULT JUDGMENT WHEN IT LACKED TERRITORIAL JURISDICTION.
 ASSIGNMENT OF ERROR III
 THE COURT ERRED IN DETERMINING THAT THE PARTIES CONFERRED SUBJECT MATTER JURISDICTION UPON THE FRANKLIN COUNTY MUNICIPAL COURT BY AGREEMENT.
 {¶ 6} Because defendant's three assignments of error are interrelated, we address them together. In them, defendant contends the trial court erred in denying his motion to vacate, as the court lacked territorial jurisdiction over the case, a requirement defendant claims is necessary to vest a municipal court with subject matter jurisdiction over an action.
 {¶ 7} More specifically, defendant contends a municipal court has subject matter jurisdiction over an action only when the following conditions are met: (1) the claim for damages is within the court's monetary jurisdiction under R.C. 1901.17; (2) the cause of action is included within one of the categories specified in R.C. 1901.18; and (3) the events giving rise to the claim occurred within the territorial jurisdiction of the municipal court. He maintains that an action is within the municipal court's territorial jurisdiction if it *Page 4 
has sufficient contacts with the municipal court's territory, a result achieved only if: (1) the subject matter of the action is located within the court's territorial limits; (2) at least one defendant resides within the court's territorial limits; or (3) at least one of the defendants was served within the court's territorial limits.
 {¶ 8} Within those parameters, defendant notes: (1) he resides and was served in Portage County, Ohio; (2) JB Dollar circulated Haddox's advertisements in Summit and Stark Counties; (3) he executed the advertising agreements in Summit County; and (4) JB Dollar's principal place of business is in Summit County. As a result, defendant contends JB Dollar's action meets none of the criteria for territorial jurisdiction within Franklin County, leaving the Franklin County Municipal Court without subject matter jurisdiction over the action and rendering the default judgment in favor of JB Dollar void ab initio.
 {¶ 9} Conversely, JB Dollar contends the Franklin County Municipal Court had subject matter jurisdiction over the case because (1) the action falls within one of the categories listed in R.C. 1901.18, and (2) the action was for an amount within the court's monetary jurisdiction under R.C. 1901.17. JB Dollar equates a municipal court's territorial jurisdiction with venue or personal jurisdiction that, unlike subject matter jurisdiction, can be waived by stipulation or agreement. JB Dollar thus contends defendant waived his territorial jurisdiction challenge when he agreed to the forum selection clause contained within the advertising agreement. Citing the Supreme Court of Ohio's holding in Kennecorp Mortgage Brokers v. Country ClubConvalescent Hosp. (1993), 66 Ohio St.3d 173 ("Kennecorp"), JB Dollar maintains the forum selection clause circumvents the *Page 5 
sufficient contacts requirement needed to confer territorial jurisdiction upon the Franklin County Municipal Court.
 {¶ 10} Subject matter jurisdiction refers to a court's power to adjudicate the merits of a case. Pratts v. Hurley, 102 Ohio St.3d 81,2004-Ohio-1980, ¶ 11. Because it is a condition precedent to the court's ability to hear the case, it can never be waived by stipulation or agreement and may be challenged at any time. Id.; Fox v. EatonCorp. (1976), 48 Ohio St.2d 236. If a court acts without subject matter jurisdiction, then any proclamation by that court is void. Id.
 {¶ 11} Venue, on the other hand, connotes the locality where an action should be heard. Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87. Improper venue does not deprive a court of its jurisdiction to hear an action. State ex rel. Florence v. Zitter, 106 Ohio St.3d 87,2005-Ohio-3804, ¶ 23. Rather, the question of venue is one of convenience and asks in which court, among all of those with jurisdiction, to best bring a claim. State v. Kremer, Van Wert App. No. 15-05-05, 2006-Ohio-736, ¶ 6. When venue is specified in a mandatory forum selection clause, the clause generally will be enforced. EI UKHolding Inc. v. Cinergy UK, Inc., Summit App. No. 22326, 2005-Ohio-1271, ¶ 21;Kennecorp, supra, at syllabus. A defendant waives the right to challenge venue when the issue is raised for the first time on appeal. See Citibank (South Dakota) N.A. v. Fischer, Sandusky App. No. S-06-038,2007-Ohio-1322; Civ.R. 12.
 {¶ 12} Here, defendant agreed to the forum selection clause in the advertising agreement and otherwise waived his right to challenge venue when he failed to raise the issue in the trial court. Contrary to JB Dollar's assertions, however, defendant's agreement to the forum selection clause did not waive his right to challenge the Franklin *Page 6 
County Municipal Court's subject matter jurisdiction. Because the facts unquestionably demonstrate that no part of the action occurred, and none of the parties reside, in Franklin County, our determining whether the municipal court properly denied defendant's motion to vacate depends exclusively on whether, on these facts, a municipal court's subject matter jurisdiction is limited to events that occur within its territorial boundary.
 {¶ 13} As a statutorily created court, Ohio municipal courts can exercise only such powers as statutes confer upon them. R.C. 1901.01;State v. Bellefontaine Municipal Court (1967), 12 Ohio St.2d 26. The subject matter jurisdiction of the municipal court is set forth in R.C.1901.18. As pertinent here, it provides that "subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within itsterritory in * * * any action at law based on contract * * *." R.C.1901.18(A)(3). (Emphasis added.) "Territory" means the geographical areas within which municipal courts have jurisdiction, and R.C. 1901.02
grants the Franklin County Municipal Court territorial jurisdiction within Franklin County. See R.C. 1901.01 and 1901.03.
 {¶ 14} Defendant interprets the phrase "jurisdiction within its territory" to mean a municipal court's subject matter jurisdiction is limited to events that occur, or people that live, within its territorial boundary. In support of his interpretation, defendant notes that several appellate courts have determined territorial jurisdiction is an element of a municipal court's subject matter jurisdiction. Those courts thus have concluded a municipal court can hear an action only if: (1) the claim for damages is within the court's monetary jurisdiction; (2) the cause of action is included within one of the categories specified in R.C. 1901.18; and (3) the events giving rise to the claim occurred within the *Page 7 
territorial jurisdiction of the municipal court. See, e.g., Stern v.Cleveland Browns Football Club, Inc. (Dec. 20, 1996), Lake App. No. 95-L-196; Rose v. Mays (Nov. 1, 1995), Montgomery App. No. CA 15084;Hickey v. Hancock Wood Elec. Coop. (June 30, 1993), Wood App. No. 92WD082; Goody v. Scott (Oct. 18, 1995), Richland App. No. 95CA31.
 {¶ 15} The courts drew their conclusions from the unequivocal language set forth in former R.C. 1901.19(A)(4), stating in pertinent part that "a municipal court ha[s] jurisdiction within its territory * * * [i]n any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the territory or when the defendant or any of the defendants resides or is served with summons within the territory[.]" In 1997, however, the Ohio General Assembly eliminated subparagraph (A)(4) from R.C. 1901.19. The parties have not directed us to, nor are we aware of, any case where a court determined territorial jurisdiction was a necessary component of a municipal court's subject matter jurisdiction without the assistance of R.C.1901.19(A)(4), a comparable predecessor provision, or a proposition of law derived from it. To the extent the noted decisions depend on R.C.1901.19(A)(4), this court is unable to rely on the them to support defendant's contentions.
 {¶ 16} In another line of cases, a few appellate district courts reached a conclusion opposite to defendant's contentions, finding territorial jurisdiction more akin to venue and thus irrelevant to a municipal court's subject matter jurisdiction. Relying on the Supreme Court's decision in Morrison, the cases determined that every municipal court has subject matter jurisdiction to hear a particular case so long as the claim does not exceed the monetary jurisdiction of municipal courts and is included within the ambits of R.C. *Page 8 1901.18. See Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc. (1985), 23 Ohio App.3d 85; Williams v. Jarvis (Aug. 26, 1999), Cuyahoga App. No. 74580.
 {¶ 17} In Morrison, the plaintiffs, residents of Oregon, Lucas County, Ohio, sued the defendant, a resident of Hancock County, in the Oregon Municipal Court for breach of contract. The Supreme Court certified the record after the appellate court affirmed the trial court's decision denying the defendant's motion to quash service. The defendant contested the municipal court's authority to issue service of process beyond its statutorily prescribed territorial boundaries.
 {¶ 18} Addressing the defendant's contention, the court explained that "a municipal court['s] subject matter jurisdiction (as opposed to territorial boundaries)" is distinguishable from "how the Rules of Civil Procedure operate within the limits imposed upon that jurisdiction by the General Assembly." Brooks, at 87. The court quoted R.C. 1901.18(C) and 1901.17 and found the action met both requirements because it was "the type of action which R.C. 1901.18(C) and R.C. 1901.17 encompass." Id. at 88. It then explained: "for the purposes of those sections, every municipal court in the state would have subject-matter jurisdiction of such an action." Id.
 {¶ 19} The court pointed out, however, that a plaintiff does not have complete freedom of choice in selecting his forum. "Venue, which relates to the geographical division where a cause can be tried, must be proper." The court noted venue is a procedural matter, and although it was once within the private domain of the General Assembly, it is now within the rule-making power of the Supreme Court. Because the Oregon Municipal Court was a proper forum under either Civ.R. 3(B)(3) or 3(B)(6), and the court was vested with subject matter jurisdiction under R.C. 1901.18(C), the court *Page 9 
concluded the personal judgment rendered against the defendant was valid if the service of summons was proper.
 {¶ 20} The appellate district courts relying on Morrison found significant the court's failure to mention R.C. 1901.02, defining territorial jurisdiction, when it discussed subject matter jurisdiction. See Brooks, supra, at 88; Jarvis, supra. In their view, the omission refuted the rulings of other courts that territorial jurisdiction is a necessary component of a municipal court's subject matter jurisdiction under the statutory language of R.C. 1901.02 and 1901.19. Without referring to R.C. 1901.02, the Brooks and Jarvis courts maintained that the Supreme Court made "it clear that the court considered that section to be a venue (procedural) section despite the language therein about `territorial' jurisdiction." Id.
 {¶ 21} Although Morrison broadly defined a municipal court's subject matter jurisdiction, we cannot conclude on the facts ofMorrison that the Supreme Court purposely failed to mention either the "within its territory" language from R.C. 1901.18 or the provisions of R.C. 1901.02. Initially, the defendant in Morrison never specifically challenged the municipal court's subject matter jurisdiction; he contested the municipal court's power to issue service of process to an individual person living outside the court's territorial boundaries.Morrison thus never had a reason to discuss, much less define, a municipal court's subject matter jurisdiction except for the limited purpose of distinguishing it from venue.
 {¶ 22} Moreover, because the Morrison breach of contract claim unquestionably occurred within the Oregon Municipal Court's territorial limits, the Supreme Court did not need to determine whether the Oregon Municipal Court's territorial jurisdiction was included in the court's subject matter jurisdiction. Lastly, and most importantly, the *Page 10 
conclusion in Brooks and Jarvis construing R.C. 1901.02 as a venue provision runs afoul of the principal constitutional proposition set forth in Morrison: venue is a procedural matter within the rulemaking power of the Ohio Supreme Court, not the General Assembly.
 {¶ 23} Because the case law supporting the parties' opposing theories raises issues in our attempting to apply them here, we apply the language of R.C. 1901.18 and cognate provisions to decipher whether a municipal court's territorial jurisdiction is a necessary component of the court's subject matter jurisdiction.
 {¶ 24} R.C. 1901.18 is entitled "Jurisdiction of subject matter," and, as noted, states that "a municipal court has original jurisdiction within its territory * * * [i]n any action at law based on contract." R.C. 1901.18(A)(3). While we are aware that chapter headings are not part of the law of a statute pursuant to R.C. 1.01, the heading or title the General Assembly gives to a statute "must be accorded consideration, as long as it is not employed to alter the meaning of language that is unambiguous." Dade v. Bay Village Bd. of Zoning Appeals, Cuyahoga App. No. 87728, 2006-Ohio-6416, at ¶ 28.
 {¶ 25} When we consider the title to R.C. 1901.18, the legislative intent is more apparent. If "jurisdiction" as used in the body of R.C.1901.18 incorporates the statute's heading and is more fully read as "jurisdiction of subject matter," the statute then states that "a municipal court has original jurisdiction of subject matter within its territory" over "any action at law based on contract." The statutory language thus limits the court's subject matter jurisdiction to those enumerated events occurring within the court's geographical boundary defined under R.C. 1901.02. *Page 11 
 {¶ 26} Further supporting such an interpretation of R.C. 1901.18, R.C.1901.02, 1901.03(A), 1901.18 and 1901.19 each explicitly use the word "jurisdiction" and not "venue." To ignore the common usage of the word "jurisdiction" and replace it with an alternative word and meaning would offend a basic principal of statutory interpretation under R.C. 1.42. Interpreting a municipal court's statutorily defined territorial jurisdiction to mean venue also would offend the Supreme Court of Ohio's procedural rulemaking authority under Section 5(B), Article IV of the Constitution of Ohio pursuant to which the Supreme Court enacted a venue provision under Civ.R. 3(B).
 {¶ 27} Lastly, in interpreting a given statute with two possible interpretations, we must afford full force and effect to all words and phrases, not striking or reading anything out of a statute.Wachendorf v. Shaver (1948), 149 Ohio St. 231, 237. To accept plaintiff's argument would ignore, or not give effect to, the phrase "within its territory" that the legislature made part of the statute. By defining the court's subject matter jurisdiction with an express limitation to the court's territory, the General Assembly provided that the court's geographical boundary limits the scope of the court's subject matter jurisdiction.
 {¶ 28} Such an interpretation is consistent with the line of cases on which defendant relied. While we recognize the legislature eliminated former R.C. 1901.19(A)(4), a review of the other changes to that piece of legislation suggests the legislation was not designed to overrule those cases.
 {¶ 29} The provision amending former R.C. 1901.19 was part of a much larger bill that brought about significant change to some sections of R.C. Chapter 1901. Other parts of the legislation, however, were more in the nature of "housekeeping." The legislature's change to former R.C.1901.19(A)(4) reasonably may be viewed to be "housekeeping" for *Page 12 
two reasons. Initially, R.C. 1901.18 lists the types of actions to be heard in the municipal court, while R.C. 1901.19 speaks more to the powers of the municipal court, such as the ability to compel attendance of witnesses or to issue executions. As such, the language addressing contract actions more readily fit within R.C. 1901.18. Secondly, at the time of the amendment, R.C. 1901.18 already provided the municipal courts had jurisdiction over contract actions, thus permitting the legislature to conclude R.C. 1901.19(A)(4) not only was misplaced, but redundant.
 {¶ 30} Plaintiff would suggest "jurisdiction within its territory" is a reference to the court's situs. The legislature, however, addressed that aspect of municipal courts in a different section, R.C.1901.021(A). In it, the legislature explicitly provides where a judge may sit, stating that "[t]he judge or judges of any municipal court established under division (A) of section 1901.01 of the Revised Code having territorial jurisdiction outside the corporate limits of the municipal corporation in which it is located may sit outside the corporate limits of the municipal corporation within the area of its territorial jurisdiction."
 {¶ 31} Where general terms or expressions in one statute are inconsistent with more specific or particular provisions in another statute, the particular provisions must govern unless the statutes, as a whole, clearly show a contrary intention. State ex rel. Elliott Co. v.Connar (1931), 123 Ohio St. 310. Because R.C. 1901.021 more specifically describes the court's situs, we cannot interpret the language within R.C. 1901.18 as a reference to the location where a municipal court may exercise its subject matter jurisdiction.
 {¶ 32} The geographical limitation placed on a municipal court's criminal subject matter jurisdiction, while stated more clearly than the civil subject matter jurisdiction, *Page 13 
further supports the conclusion that municipal courts have subject matter jurisdiction within their respective territories. R.C. 1901.20
provides that "[t]he municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor committed within the limits of its territory."
 {¶ 33} With that language, the General Assembly limited a municipal court's criminal subject matter jurisdiction, specifying the crime must be committed "within the limits of its territory." We cannot conclude the legislature intended for a municipal court's civil subject matter jurisdiction to be statewide, while limiting its criminal subject matter jurisdiction to its territory, especially when the legislature included the same phrase, "within its territory," in defining civil subject matter jurisdiction. Instead, the difference in wording between the sections specifying a municipal court's criminal and civil subject matter jurisdictions appears to be related to the actions to be described: a municipal court's civil subject matter jurisdiction required a list of statutorily enumerated causes of action, while the criminal actions could be generally referred to as misdemeanors.
 {¶ 34} Because a municipal court's subject matter jurisdiction is expressly limited to those actions occurring within its territory, defendant's contention that the Franklin County Municipal Court lacked territorial jurisdiction is in fact a challenge to the court's subject matter jurisdiction, and neither stipulation nor agreement waived it. On the particular facts of this case, not one event giving rise to JB Dollar's breach of contract claim occurred within the territorial jurisdiction of the Franklin County Municipal Court, leaving that court without subject matter jurisdiction over the action. Although a forum selection clause may circumvent the minimum contacts the court needs to establish personal jurisdiction, it does not circumvent the lack of contacts needed for subject matter *Page 14 
jurisdiction in the municipal court. Without subject matter jurisdiction, the court's underlying judgment is void. Defendant's three assignments of error are sustained.
 {¶ 35} Having sustained defendant's assigned errors, we reverse the judgment of the trial court and remand with instructions to dismiss the case for lack of subject matter jurisdiction.
Judgment reversed and case remanded with instructions.
BROWN, J., concurs.
TYACK, J., dissents.