[Cite as *United Gulf Marine, L.L.C. v. Continental Refining Co., L.L.C.*, 2017-Ohio-9083.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

UNITED GULF MARINE, LLC,

    PLAINTIFF-APPELLEE,                CASE NO. 1-17-40

    v.

CONTINENTAL REFINING
COMPANY, LLC,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2017 0040

**Judgment Affirmed**

Date of Decision: December 18, 2017

APPEARANCES:

    *Matthew C. Huffman* **for Appellant**

    *Anthony J. Hornbach and Jesse J. Jenike-Godshalk* **for Appellee**

Case No. 1-17-40

**PRESTON, P.J.**

{¶1} Defendant-appellant, Continental Refining Company, L.L.C. ("CRC"), appeals the April 16, 2017 judgment entry of the Allen County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, United Gulf Marine, L.L.C. ("UGM"). For the reasons that follow, we affirm.

{¶2} On January 27, 2017, UGM filed a complaint in which it alleged that CRC breached two commercial contracts—the Transmix Agreement and the Naphtha Agreement. (Doc. No. 1). On February 21, 2017, CRC filed a motion requesting additional time to respond to UGM's complaint, which the trial court granted on February 23, 2017. (Doc. Nos. 5, 6). Before CRC filed its answer, UGM filed an amended complaint on March 7, 2017. (Doc. No. 7).

{¶3} On March 23, 2017, CRC filed its answer to UGM's amended complaint and filed counterclaims against UGM alleging that UGM breached the Transmix Agreement. (Doc. No. 8). In its answer, CRC admitted "that the parties agreed to Allen County, Ohio relating to Counts I through V of the Amended Complaint but denie[d] that the parties agreed to Allen County for Counts VI and VII."[1] (Id.). Further, CRC alleged as its first defense that "[t]he Naphtha Agreement provides for exclusive jurisdiction and venue in Denver, Colorado" and, as such,

---

[1] Counts I through V of the amended complaint relate to the Transmix Agreement, while Counts VI and VII relate to the Naphtha Agreement. (Doc. No. 7).

-2-

that the Allen County Court of Common Pleas "is without jurisdiction with respect to disputes relating to the Naphtha Agreement." (*Id.*).

**{¶4}** On April 7, 2017, UGM filed its answer to CRC's counterclaims. (Doc. No. 9). That same day, UGM filed a motion for leave to file a second amended complaint, which the trial court granted on April 25, 2017. (Doc. Nos. 10, 11). UGM filed its second amended complaint on April 26, 2017. (Doc. No. 12). In its second amended complaint, Counts I through IV relate to the Transmix Agreement and Counts V and VI relate to the Naphtha Agreement. (*Id.*).

**{¶5}** On May 22, 2017, CRC filed its answer to UGM's second amended complaint. (Doc. No. 15). In its answer, CRC admitted "that the parties agreed to Allen County, Ohio relating to Counts I through IV of the Second Amended Complaint but denie[d] that the parties agreed to Allen County for Counts V and VI." (*Id.*). Further, CRC again alleged as its first defense that "[t]he Naphtha Agreement provides for exclusive jurisdiction and venue in Denver, Colorado" and, as such, that the Allen County Court of Common Pleas "is without jurisdiction with respect to disputes relating to the Naphtha Agreement." (*Id.*).

**{¶6}** On May 31, 2017, UGM filed a motion for summary judgment seeking judgment in favor on Counts I and V of its second amended complaint and CRC's counterclaims. (Doc. No. 16).

**{¶7}** That same day, UGM filed "Motion To Deem Requests Admitted" requesting that the trial court deem admitted each of UGM's requests for admissions because CRC failed to timely respond. (Doc. No. 17). On June 12, 2017, CRC responded to UGM's motion requesting the trial court to deem admitted its request for admissions. (Doc. Nos. 18, 19, 20, 21). On June 19, 2017, the trial court denied UGM's motion requesting the trial court deem admitted UGM's request for admissions and ordered CRC to respond to UGM's request for admissions by July 12, 2017. (Doc. No. 23).

**{¶8}** On June 15, 2017, UGM filed its response to CRC's counterclaims. (Doc. No. 22).

**{¶9}** On June 23, 2017, CRC filed a motion requesting additional time to respond to UGM's motion for summary judgment. (Doc. No. 24). UGM filed a memorandum in opposition to CRC's motion requesting additional time to respond to UGM's motion for summary judgment. (Doc. No. 25). On June 30, 2017, the trial court granted CRC's motion and ordered it to respond by July 10, 2017. (Doc. No. 26).

**{¶10}** On July 10, 2017, CRC filed its response to UGM's motion for summary judgment. (Doc. No. 28). In its response, CRC requested that the trial court dismiss UGM's claims regarding the Naphtha Agreement or deny summary judgment in favor of UGM regarding those claims based on the forum-selection

clause contained in the Naphtha Agreement. (*Id.*). That same day, CRC filed a motion for summary judgment requesting that the trial court award summary judgment in favor of CRC as to its counterclaims and "enforce [the forum-selection clause contained in the Naphtha Agreement by] grant[ing] summary judgment in favor of CRC and thereby dismiss[ing] Count V of UGM's Second Amended Complaint" because "UGM [] waived the jurisdiction of [the trial] Court as it concerns the Naphtha Agreement." (Doc. No. 29).

{¶11} On July 13, 2017, CRC filed its notice that it provided to UGM its requests for admissions, request for production, and interrogatories. (Doc. No. 30).

{¶12} On July 21, 2017, UGM filed its response to CRC's memorandum in opposition to its motion for summary judgment. (Doc. No. 32). On July 27, 2017, UGM filed its memorandum in opposition to CRC's motion for summary judgment. (Doc. No. 33).

{¶13} On August 16, 2017, the trial court awarded summary judgment in favor of UGM after concluding that there was no genuine issue of material fact that CRC breached the Transmix and Naphtha Agreements. (Doc. No. 35). The trial court awarded UGM $172,777.60 plus interest in damages as a result of CRC's breach of the Transmix Agreement and $77,937.43 plus interest in damages as a result of CRC's breach of the Naphtha Agreement. (*Id.*). The trial court concluded

that CRC waived its right to invoke the forum-selection clause contained in the Naphtha Agreement. (*Id.*).

**{¶14}** CRC filed its notice of appeal on September 14, 2017. (Doc. No. 41). It raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Incorrectly Determined that Appellant Waived the Defense of Lack of Jurisdiction Within the Naphtha Agreement by Responding to Appellee's Second Amended Complaint and Filing its Own Counterclaim, Both of Which Were Unrelated to the Naphtha Agreement.**

**{¶15}** In its assignment of error, CRC argues that the trial court erred by concluding that it "waived its defense of lack of jurisdiction" regarding the Naphtha Agreement because it "fil[ed] an answer or counterclaim." (Appellant's Brief at 7). Stated differently, CRC argues that the trial court erred by granting summary judgment in favor of UGM regarding the Naphtha Agreement after concluding that CRC waived its argument regarding the forum-selection clause contained in the Naphtha Agreement.[2]

**{¶16}** We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the

---

[2] CRC does not challenge on appeal the trial court's summary-judgment award in favor of UGM regarding the Transmix Agreement.

evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶17} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

{¶18} As an initial matter, we must address CRC's confusion of venue with jurisdiction. Indeed, "[v]enue should not be confused with jurisdiction as they are distinct legal concepts." *In re W.W.*, 190 Ohio App.3d 653, 2010-Ohio-5305, ¶ 25 (11th Dist.), citing *Craig v. Consolidated Rail Corp.*, 9th Dist. Summit No. 13332, 1988 WL 37626, *2 (April 6, 1988). "Venue is a procedural matter concerned with choosing a convenient forum and raises *no* jurisdictional implications." (Emphasis added.) *Id.* *See* 1970 Staff Notes, Civ.R. 3 ("venue is not jurisdictional"). More specifically, "[i]mproper venue does not deprive a court of its jurisdiction to hear

an action." *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 10th Dist. Franklin No. 06AP-1107, 2007-Ohio-4410, ¶ 11, citing *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, ¶ 23. "Rather, the question of venue is one of convenience and asks in which court, among all of those with jurisdiction, to best bring a claim." *Id.* at ¶ 11, citing *State v. Kremer*, 3d Dist. Van Wert No. 15-05-05, 2006-Ohio-736, ¶ 6.

{¶19} Although CRC asserts that its argument is jurisdictional, it is not. Rather, CRC's argument regarding the forum-selection clause contained in the Naphtha Agreement relates to improper venue. Indeed, the clause in the Naphtha Agreement to which CRC cites states, in relevant part, "The parties agree that the venue for any litigation pertaining to this Agreement shall be in a court of competent jurisdiction in Denver County, Colorado." (Appellant's Brief at 7). Stated another way, the clause in the Naphtha Agreement to which CRC cites addresses only venue, not jurisdiction. As such, to determine whether the trial court erred by granting summary judgment in favor of UGM on the merits of its claims relating to the Naphtha Agreement, we must first determine whether the trial court abused its discretion by failing to transfer venue.

{¶20} "The decision to grant or deny a motion to change venue is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *Sheet Metal Workers Local 98, Pension Fund v. Whitehurst*,

5th Dist. Knox No. 03 CA 29, 2004-Ohio-191, ¶ 23, citing *Grenga v. Smith*, 11th Dist. Trumbull No. 2001-T-0040, 2002 WL 409022, *2 (Mar. 15, 2002). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶21} Because it is waivable, "[v]enue is a defense which may be made by answer or by motion." *Domestic Linen Supply and Laundry Co. v. Sanray Corp.*, 7th Dist. Mahoning No. 88 CA 9, 1988 WL 132953, *2 (Dec. 7, 1988). *See* Civ.R. 12; *Nicholson v. Landis*, 27 Ohio App.3d 107, 109 (10th Dist.1985). Civ.R. 12(B) sets forth the procedure for raising a defense of improper venue and provides, in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (3) improper venue * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse

party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief.

**{¶22}** "If a party raises any of the Civ.R. 12(B) defenses, whether by motion or pleading, then Civ.R. 12(D) provides that they '"shall be heard and determined before trial *on application of any party*."'" (Emphasis sic.) *Chrysler Fin. Servs. v. Henderson*, 4th Dist. Athens No. 11CA4, 2011-Ohio-6813, ¶ 46, quoting *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 7, quoting Civ.R. 12(D). *Accord Domestic Linen Supply and Laundry Co.* at \*2 ("Whether made by answer or motion, it must be heard and determined before trial only if the asserting party applies for such a hearing."). When the defense of improper venue is properly raised, the court must transfer the case to a proper venue. *Chrysler Fin. Servs.* at ¶ 45, citing Civ.R. 3(C) ("upon timely assertion of the defense of improper venue as provided in Civ.R. 12, the court shall transfer the action"). "When venue is specified in a mandatory forum selection clause, the clause generally will be enforced." *Cheap Escape Co., Inc.* at ¶ 11, citing *EI UK Holding Inc. v. Cinergy UK, Inc.*, 9th Dist. Summit No. 22326, 2005-Ohio-1271, ¶ 21 and *Kennecorp Mtge. Brokers v. Country Club Convalescent Hosp.*, 66 Ohio St.3d 173 (1993), syllabus.

**{¶23}** CRC filed answers to UGM's amended complaint and second amended complaint. In its answers, CRC denied that the Allen County Court of

Common Pleas is the proper venue to decide UGM's claim regarding the Naphtha Agreement and asserted improper venue as a defense regarding those claims. Accordingly, CRC properly raised the defense. *Compare Chrysler Fin. Servs.* at ¶ 48 (concluding that the appellants properly raised the defense of improper venue because they raised the defense in their answer"). However, there is no evidence in the record that CRC specifically applied for a transfer of venue as required by the Civil Rules. *Compare id.* ("At no point, however, did appellants comply with Civ.R. 12(D) and specifically apply to the trial court to transfer venue."); *Domestic Linen Supply and Laundry Co.* at *2 ("Appellants made no such application [under Civ.R. 12(D)] before the court ruled on September 29, 1987 on the motion for summary judgment."); *Thompson v. Thompson*, 4th Dist. Lawrence No. 1462, 1981 WL 10277, *2 (Apr. 21, 1981) ("The record is silent as to any application for a pre-trial hearing on the venue motion.").

> [I]t is not enough that a party raises the defense of improper venue in that party's answer. Rather, a party must properly raise the defense and must also apply to the court for a transfer of venue. Under Civ.R. 12(D), a party possesses an affirmative duty to seek a transfer of venue and may not simply rely upon an allegation in its answer of improper venue.

*Chrysler Fin. Servs.* at ¶ 47. There is "nothing in the Civil Rules to require a trial court to sua sponte transfer venue when properly raised as a defense in an answer, but when the party does not apply to the court to transfer venue." *Id.* at ¶ 49. CRC simply relied on its allegations in its answers of improper venue and failed to affirmatively seek a transfer of venue. Accordingly, the trial court was not required to sua sponte transfer venue.

{¶24} Moreover, although CRC requested that the trial court dismiss UGM's claims regarding the Naphtha Agreement in its response to UGM's motion for summary judgment and in its own motion for summary judgment, "[i]mproper venue * * * is never a ground for dismissal of a lawsuit." *Janet's Reporting and Video Service v. Rauchman*, 12th Dist. Butler No. CA89-10-150, 1990 WL 70929, *1 (May 29, 1990), citing *Romanchik v. Lucak*, 44 Ohio App.3d 215 (8th Dist.1988), paragraph one of the syllabus and *Price v. Wheeling Dollar Savs. & Trust Co.*, 9 Ohio App.3d 315 (12th Dist.1983). *Accord Palmer v. O'Brien*, 5th Dist. Richland No. 04 CA 38, 2004-Ohio-5365, ¶ 10-11 ("'The issue of improper venue is governed by Civ.R. 3[, which] provides a variety of procedures to be utilized to transfer a case to * * * where proper venue lies, but conspicuously does not include dismissal as an alternative. Indeed, the law in Ohio is quite clear that if a case is maintained in an improper venue, the appropriate judicial response is to transfer the action to the correct forum; not an outright dismissal of the complaint."), quoting *Durse v.*

*Mossie*, 7th Dist. Columbiana No. 98 CO 12, 2000 WL 288521, *3 (Mar. 16, 2000), citing *State ex rel. Ohio State Racing Comm. v. Welton*, 37 Ohio St.3d 246, 247 (1988) and *Romanchik* at paragraph one of the syllabus; 1970 Staff Notes, Civ.R. 3 ("the remedy for improper venue is not dismissal of the action, but transfer of the action to a proper forum"). *See also Wilson v. Brown*, 7th Dist. Belmont No. 01 BA 35, 2002-Ohio-2410, ¶ 15 ("Dismissal, either with or without prejudice, is not an option under Civ.R. 3."), citing *Durse* at *3, citing *Romanchik* at paragraph one of the syllabus. At the summary-judgment stage, CRC specifically requested that the trial court dismiss the complaint—not transfer venue—a remedy in contravention of the Civil Rules. Stated another way, the trial court would have abused its discretion by granting CRC's request to dismiss UGM's claims regarding the Naphtha Agreement. *See Brislin v. Albert*, 9th Dist. Summit No. 27052, 2014-Ohio-3406, ¶ 19-20.

**{¶25}** For these reasons, even though the parties agreed to the forum-selection clause in the Naphtha Agreement, we conclude that CRC's failure to comply with Civ.R. 12(D) and specifically apply to the trial court to transfer venue results in a waiver of the issue on appeal. *Chrysler Fin. Servs.* at ¶ 48; *Thompson* at *2 (concluding that "appellant waived his right to have a hearing on the [improper-venue] motion and the failure of the court to sua sponte rule upon the motion [did not] constitute[] error"). Because it is the only argument presented on

appeal challenging the trial court's summary-judgment award in favor of UGM, we conclude that there are no genuine issues of material fact and UGM is entitled to judgment as a matter of law. Therefore, the trial court did not err by granting summary judgment in favor of UGM on the merits of its claim relating to the Naphtha Agreement.

{¶26} CRC's assignment of error is overruled.

{¶27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**