[Cite as *Blue v Bur. of Workers' Comp.*, 2023-Ohio-3481.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARIO D. BLUE,                                     :

    Plaintiff-Appellant,                   :

                               No. 112652

    v.                                     :

BUREAU OF WORKERS'                                 :
COMPENSATION,

    Defendant-Appellee.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 28, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-967336

---

### *Appearances:*

Mario D. Blue, *pro se.*

David Yost, Ohio Attorney General, and Daniel A. Kirschner, Assistant Attorney General, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant, Mario D. Blue ("Blue"), pro se, appeals the trial court's decision granting defendant-appellee's, Bureau of Workers' Compensation ("BWC"), motion for summary judgment. For the following reasons, we affirm.

**Procedural Background and Facts**

{¶ 2} On August 12, 2022, Blue filed a complaint against BWC alleging BWC wrongfully held and distributed compensation to a third-party agency without verbal or written consent. Blue was injured in two separate incidents for which he received payments from the BWC under claim nos. 18-178645 and 16-810366 (the "payments"). Blue alleged that those payments were distributed to the Child Support Enforcement Agency ("CSEA") without his verbal or written consent and that the payments were not subject to garnishment.

{¶ 3} As evidence of this, Blue attached an administrative order from the Ohio Department of Job and Family Services ("ODJFS") for release of lump sum payments to ODJFS because Blue had outstanding child support arrearages. Additionally, Blue attached correspondence between himself and BWC where he challenged the disbursement to CSEA. BWC's final communication to Blue informed him that BWC was required to notify CSEA when they disbursed funds and that the transfer of the funds to CSEA was required by applicable law.

{¶ 4} On September 6, 2022, BWC filed an answer to Blue's complaint and a motion to dismiss. In the motion to dismiss, BWC argued the common pleas court did not have jurisdiction over this matter. BWC claimed that the court of claims had original jurisdiction for this type of complaint. Blue filed a responsive motion on September 12, 2022, objecting to the motion to dismiss and requesting summary judgment. In the motion, Blue explicitly rejected BWC's jurisdictional challenge and affirmatively stated that the common pleas court held subject-matter jurisdiction.

Blue did not challenge venue at that time. Additionally, Blue claimed BWC violated many state and federal "codes and laws"; however, Blue failed to raise any state or federal constitutional claims.

{¶ 5} The trial court denied BWC's motion on October 18, 2022, and denied Blue's motion for summary judgment on November 21, 2022. Upon completion of discovery, BWC filed a motion for summary judgment on March 23, 2023. On April 6, 2023, Blue filed an affidavit in objection to BWC's motion for summary judgment. Blue included claims that BWC was a debt collector and subject to the Fair Debt Collections Practices Act (the "FDCPA") under federal law. The trial court granted BWC's motion for summary judgment on April 24, 2023. On that same day, Blue filed a motion requesting a change of venue. The trial court denied the motion as moot.

{¶ 6} Blue now appeals and raises the following assignment of error for our review. We have included Blue's "issues presented for review" to provide more context.

### Assignment of Error

Appellants summary judgment was in violation of the Due Process [Clause] under the Fifth and Fourteenth Amendment of the United States Constitution.

### Issue Presented for Review

Was the summary judgment in compliance with the United States Constitution, specifically the Fifth and Fourteenth Amendments?

Was the appellant deprived his Due Process [right] of not having his claims heard in a competent venue of jurisdiction?

Was the court holding legal and lawful standing to deny plaintiff's request to remove said claim to a different venue to be heard?

**Law and Analysis**

**{¶ 7}** Blue is proceeding pro se and under Ohio law, all litigants, including those who are pro se, are held to the same standard and must be held accountable for the rules of civil procedure and for their own mistakes. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

**{¶ 8}** In his sole assignment of error, Blue argues that the trial court erred in granting BWC's motion for summary judgment because it violated his Fifth and Fourteenth Amendment rights. Basically, in his issues presented, Blue questions whether he was deprived of his right to due process and whether the trial court had authority to deny his motion to change venue. Notably, Blue does not make any arguments to dispute the merits of the trial court's ruling on the motion for summary judgment. Blue suggests that had the trial court properly reviewed his motion for change of venue, it would have been granted and the proper court would have heard his complaint.

**{¶ 9}** Preliminarily, we will address Blue's question whether the trial court properly denied the motion to change venue as moot. Venue merely addresses the choice of a convenient forum for a case. *United Gulf Marine, LLC v. Continental Refining Co., LLC*, 3d Dist. Allen No. 1-17-40, 2017-Ohio-9083, ¶ 18. "[T]he question of venue is one of convenience and asks in which court, among all those

with jurisdiction, to best bring a claim." *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 10th Dist. Franklin No. 06AP-1107, 2007-Ohio-4410, ¶ 11, citing *State v. Kremer*, 3d Dist. Van Wert No. 15-05-05, 2006-Ohio-736, ¶ 6.

{¶ 10} The trial court's decision regarding a motion to change venue is discretionary and will not be disturbed absent an abuse of discretion. *United Gulf Marine, LLC* at ¶ 20. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); *State v. Hill*, Slip Opinion No. 2022-Ohio-4544, ¶ 9.

{¶ 11} The plaintiff chooses venue when he files the initial complaint. *Soloman v. Excel Marketing*, 114 Ohio App.3d 20, 25, 682 N.E.2d 724 (2d Dist.1996). A challenge to venue is waived if not brought in an answer or in a motion. Civ.R. 12(H). Additionally, the challenge to venue must be made at the earliest possible moment. *Durrah v. Durrah*, 12th Dist. Butler No. CA2005-06-144, 2006-Ohio-2138, ¶ 12; *McGannon v. A. Am. Entertainment Corp.*, 8th Dist. Cuyahoga No. 76002, 1999 Ohio App. LEXIS 3308, at ¶ 12 (July 15, 1999).

{¶ 12} Although Blue's motion to change venue is time stamped prior to the trial court's ruling on BWC's summary judgment motion, the clerk journalized the trial court's ruling before it journalized Blue's motion. It is unclear from the record when either document was received for filing, but we note that the trial court's decision is dated four days prior to the date the entry was journalized. Accordingly, Blue's motion to change venue was effectively filed after final judgment in the

matter. Consequently, Blue's venue issue was both untimely and moot. Accordingly, the trial court did not err when it denied Blue's motion as moot. The trial court therefore did not abuse its discretion by denying the motion.

{¶ 13} Turning to the trial court's grant of BWC's motion for summary judgment, we first note that our review of summary judgment is de novo. *Johnson v. Cleveland City School Dist.*, 8th Dist. Cuyahoga No. 94214, 2011-Ohio-2778, ¶ 33. In a de novo review, "we afford no deference to the trial court's decision and independently review the record to determine whether [the denial of] summary judgment is appropriate." *Id*. at ¶ 53, citing *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.).

{¶ 14} Summary judgment is appropriate when "(1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the nonmoving party." *Ceasor v. E. Cleveland*, 2018-Ohio-2741, 112 N.E.3d 496, ¶ 15 (8th Dist.); citing *Hull v. Sawchyn*, 145 Ohio App.3d 193, 196, 762 N.E.2d 416 (8th Dist.2001).

{¶ 15} "The burden of showing that no genuine issue of material fact exists falls on the party who moves for summary judgment." *Sickles v. Jackson Cty. Hwy. Dept.,* 196 Ohio App.3d 703, 2011-Ohio-6102, 965 N.E.2d 330, ¶ 12 (4th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). To meet this burden, the moving party must reference "the pleadings, depositions, answers to

interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that demonstrate the non-moving party has no evidence to support their claims. *Id.*, citing Civ.R. 56(C). Once the moving party has met its burden, the nonmoving party must respond with affidavits and/or set forth specific facts as provided in Civ.R. 56 showing there are genuine issues for trial. *Id.*, citing Civ.R. 56(E).

{¶ 16} Blue argues that the trial court violated his Fifth and Fourteenth Amendment rights by not considering his motion to change venue. The Due Process Clause of the Fifth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, provides that no person shall be deprived of life, liberty, or property without due process of law. Notice and opportunity to be heard are required for due process. *Bank of Am., N.A. v. Adams*, 8th Dist. Cuyahoga No. 101056, ¶ 24, citing *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582, ¶ 13. In any proceeding that is to be accorded finality, notice to the interested parties of the pendency of the action and an opportunity to present their objections is required as an elementary and fundamental requirement of due process. *Id.*, quoting *Mullane v. Ctr. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). When parties are given notice and opportunity to defend against a claim, no violation of due process occurs in the granting of a summary judgment. *Id.* at ¶ 25. The trial court's journal entries show Blue was given notice of BWC's motion and the opportunity to respond to the motion for summary judgment. Further, Blue availed himself of the

opportunity to be heard by filing an objection to the notice. Consequently, Blue was not denied his right to due process and the trial court did not err in granting BWC's motion for summary judgment or denying Blue's motion for change of venue. Accordingly, Blue's argument is without merit and is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR