**BARGE, Plaintiff-Appellee, v. HOUSE, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 699.   Decided April 8, 1952.

Goubeaux & Goubeaux, Greenville, for plaintiff-appellee.
Jesse K. Brumbaugh, Stanley E. Mote, Greenville, for W. E. House.

## OPINION

By HORNBECK, PJ:

This is an appeal on questions of law from a judgment in the amount of $2,000.00 in favor of the plaintiff and against the defendant on an action for damages for personal injuries.

When we speak of the plaintiff we refer to Rodney Jerome Barge, the minor.

The action was instituted on behalf of the minor against the defendant, an employee of the State Highway Department, who was driving a State truck loaded with gravel in a southerly direction on a highway which intersected the Ft. Loramie and Yorkshire Road which latter highway extended east and west. Plaintiff was a passenger in an automobile driven by his brother which was moving eastwardly on the Yorkshire Road. A collision occurred in the intersection of the two highways resulting in substantial injuries to the plaintiff.

The negligence alleged was failure of defendant to observe

a stop sign at the intersection and driving on to the Yorkshire Road without first stopping and ascertaining whether or not the automobile in which plaintiff was riding was approaching. The answer denied generally the negligence alleged and especially denied that he did not stop before entering the Yorkshire Road and averred that he did stop and looked to the west before again starting his truck and said that, when he started into the intersection, the plaintiff's car had not reached a curve some 500 feet west of the intersection, that plaintiff's car was approaching the intersection at a speed in excess of 60 miles per hour and that, when defendant had reached a point approaching the center of said intersection, he stopped his truck leaving sufficient space for the driver of plaintiff's car to pass in front of the truck but that the plaintiff's driver drove into the side of the truck. Defendant avers that the collision was directly and proximately caused by the sole negligence of plaintiff's driver.

Five errors are assigned, three of which, the first, second, and fifth, are urged in the brief of appellant. We consider them.

**First,** the Court erred in permitting counsel for the plaintiff-appellee to propound certain questions to prospective jurors relative to the interest of said jurors in casualty insurance companies, which was objected to at the time by the defendant. It is urged by appellant that these questions were not propounded in good faith. Counsel for the defendant, not in the presence of the jury, advised the trial judge and opposing counsel that the defendant carried no indemnity accident insurance. Counsel for plaintiff asserts that the question was propounded in good faith with the knowledge that counsel represented insurance companies professionally. The questions, in our judgment, were not improper.

In qualifying jurors, counsel for the parties are seeking information which will be of assistance to them not only in challenges for cause but for the possible exercise of peremptory challenges. It is common knowledge that individuals may have predilections for the business in which they are engaged and, possibly, some prejudice against those whose interest may affect that business. The fact that defendant's counsel represented insurance companies might, in the opinion of counsel for the plaintiff, affect in some particular the opinions of prospective jurors if they were in the employ of insurance companies, especially casualty insurance companies.

The second syllabus of **Dowd-Feder, Inc., v. Truesdell, 130 Oh St 530,** supports the propriety of the questions in this case subject only to the test set out in the third syllabus that they be propounded in good faith. We cannot say that

the Court did not exercise sound discretion in determining that the questions were proper.

Second, the Court erred in the admission of evidence offered by the plaintiff-appellee and objected to by the defendant-appellant.

This assignment has two branches. The highway patrolman testified, as an expert, to the speed of plaintiff's automobile immediately prior to the collision based, in part, upon the length of its skid marks on the highway. It is urged that the admission of this testimony was erroneous. The witness stated that he employed a chart which was commonly used by his department in determining speed of an automobile by its skid marks on the highway. The highway patrol is recognized as an agency which considers traffic on the highway in all of its aspects. The question should have included more of the operative facts to permit of a probative answer. But the ground assigned as an objection to permitting the answer, viz: the use of a chart in reaching the conclusion stated, was not well made. In view of all of the testimony of the patrolman disclosing all of the factors which he included in forming his opinion no prejudice to the defendant intervened by the admission of the testimony.

The other aspect of the third assignment and the one error which arrests our serious attention relates to the admission of the testimony of several witnesses regarding the arrest of defendant and subsequent proceedings in the case in the Court of a Justice of the Peace. In this connection it would be well to advert to the decisive issue between the parties. Plaintiff's success in his action depended, in large part, on proof of his claim that the defendant disregarded the stop sign against him and proceeded into the path of plaintiff's car when he had the right of way. Defendant denied this claim and testified that he did stop.

It appears that Wm. H. Schneyer, a highway patrolman, arrested the defendant upon the charge that he

"did unlawfully operate a motor vehicle upon the public highway of the State intending to enter a through highway by failure to yield the right of way to all other vehicles, contrary to §6307-42 GC."

The affidavit upon which the arrest was made was sworn to by the highway patrolman. The Justice of the Peace of the township in which the defendant was arrested and successor to the Justice who tried the defendant was called to the stand. The record of the proceedings was read in the presence of the jury but, at the conclusion of this testimony, an objection to it was sustained and, although there was no

motion to strike, the jury did not properly have it for consideration.

However, the plaintiff, in chief, was permitted to testify, over objection and exceptions, that he had heard Mr. House admit that he failed to stop at the intersection but, in the first instance, the circumstances under which the statement was made were not permitted to be shown; but, later, without exception, the witness states the time and place when and where the admission was made at the "Squire's" office and that the patrolman, the defendant and the "Squire" were there. Upon the record on this testimony we cannot say that its admission was prejudicial to the defendant's case.

The highway patrolman on redirect examination, in chief, was interrogated and testified as follows:

Q. Were there any violations of traffic laws that you discovered as a result of your investigation?

Objection to the question sustained.

Q. Did you make any arrests?

Objection overruled.

A. I did, Sir.

Q. Whom did you arrest as a result of this collision?

A. Mr. House.

Objection.

Q. What was the charge?

Objection overruled and exceptions.

A. Failing to yield the right of way.

Q. Was a trial had subsequent to his arrest?

Objection sustained.

The driver of plaintiff's car also was permitted to testify that he was not arrested and that the defendant was arrested and this testimony was received over the objection of the defendant.

The trial judge did not permit proof of the judgment entered in the case in the Justice Court. Thus, the rule that a judgment of conviction in criminal cases may not be offered in a civil action, Annotation to Interstate Dry Good Stores v. Williamson, 31 A. L. R. 262, was not breached, but, the reason for the rule applies to some of the evidence which was received.

By §11573 GC, the test of a reversible error is whether or not the improper admission of the testimony admitted over objection was prejudicial to the substantial rights of the party excepting.

Although the highway patrolman did not see the collision, he was permitted to testify and his competent evidence was favorable to the plaintiff. When, then, in addition to all of the other testimony respecting the criminal proceedings

against the defendant the patrolman was permitted to say to the jury that, as a result of the collision, he had arrested the defendant because he did not yield the right of way to the plaintiff and that he did not arrest the plaintiff's driver it must have accentuated in the minds of the jurors the opinion of the State patrolman that the plaintiff's contentions on the issues in the case were correct. The jury may have believed that the arrest of the defendant by the patrolman, a police officer charged with enforcing traffic laws, was persuasive that the defendant was guilty of the offense with which he was charged. The incompetent testimony on a vital issue was definitely harmful to the defendant. The reception of this evidence, in our opinion, was erroneous and prejudicial to the defendant. On any subsequent trial no reference should be made to the arrest or subsequent proceedings in the Justice Court.

The fifth and final assignment of error is that the verdict and judgment are against the manifest weight of the evidence. We do not so find.

Upon the one error assigned, which we have heretofore discussed, the judgment will be reversed and the cause remanded for further proceedings according to law.

*WISEMAN and MILLER, JJ, concur.*