[Cite as *Eubanks v. Simons*, 2018-Ohio-519.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

|  |  |  |
|---|---|---|
| DORIS EUBANKS AND MARTHA ROSE | : | |
| | : | |
| | : | Appellate Case No. 2017-CA-50 |
| Plaintiffs-Appellees | : | |
| | : | Trial Court Case No. 16-CVI-2984 |
| v. | : | |
| | : | (Civil Appeal from |
| JUDITH SIMONS AND SHAWN SIMONS | : |  Municipal Court) |
| | : | |
| Defendants-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of February, 2018.

. . . . . . . . . .

DORIS EUBANKS AND MARTHA ROSE, 1833 W. Main Street, Springfield, Ohio 45504
　　　Plaintiffs-Appellees, Pro Se

JUDITH SIMONS AND SHAWN SIMONS, 120 S. Russell Street, Apt. D, Urbana, Ohio 43078
　　　Defendants-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** Shawn Simons appeals pro se from the trial court's judgment entry finding him liable to plaintiffs-appellees Doris Eubanks and Martha Rose for damage to their automobiles.[1]

**{¶ 2}** In his sole assignment of error, Simons contends the trial court's judgment is not supported by legally sufficient evidence. Specifically, he claims the record contains no evidence that he was driving a vehicle that struck and damaged the appellees' unoccupied, parked cars. Simons asserts that he was not driving, that no one saw him driving, and that he did not receive a citation. Absent any evidence that he was driving the vehicle that hit the appellees' cars, Simons argues that the trial court erred in finding him liable for damages.

**{¶ 3}** The record reflects that the appellees filed an amended small-claims complaint against Shawn and Judith Simons for the damage to their vehicles. (Doc. #8). The case proceeded to trial before a magistrate on April 11, 2017. (Doc. #14). All parties appeared without counsel and presented evidence. (*Id.*). After hearing the evidence, the magistrate determined that the claim against Judith Simons should be dismissed. The magistrate also found the appellees entitled to judgment against Shawn Simons in the amount of $5,420 plus costs. (*Id.*). No objections were filed. Thereafter, the trial court dismissed the claim against Judith Simons and entered judgment for $5,420 in favor of the appellees and against Shawn Simons. This appeal followed.

---

[1] Although Judith Simons' name appears in the caption on appeal, she did not join in the notice of appeal. (Doc. #16). In fact, the notice of appeal states that she is not a party to the appeal because she was found not liable below. We have retained her name in the caption only because she was identified as a party in the caption of the judgment from which Shawn Simons has appealed.

**{¶ 4}** Having reviewed the record, we note that Shawn Simons has not caused to be prepared or filed a transcript of the proceedings before the magistrate. He also has failed to file an acceptable alternative under App.R. 9. Although he twice has attempted to file his own affidavit as a statement of the evidence, we rejected those affidavits on both occasions, finding the requirements of the rule not satisfied. (*See* Sept. 14, 2017 Decision and Entry and November 7, 2017 Decision and Entry). On the second occasion, we noted that Simons still had not filed a transcript of the proceedings or an acceptable affidavit in lieu of a transcript in compliance with App.R. 9. That being so, we deemed the record complete and ordered briefing to proceed.

**{¶ 5}** Because Simons has not provided us with a transcript of the proceedings or an acceptable substitute under App.R. 9, we have nothing to review and therefore cannot conclude that the trial court erred in finding him liable to the appellees. It is the duty of the appellant to provide a transcript or acceptable substitute because the appellant is required to show the error he claims the trial court made. *Wolf v. Rothstein*, 2016-Ohio-5441, 61 N.E.3d 1, ¶ 6 (2d Dist.). Under these circumstances, we must presume regularity of the proceedings below and affirm the trial court's judgment. *Namenyi v. Tomasello*, 2d Dist. Greene No. 2013-CA-75, 2014-Ohio-4509, ¶ 26-29.

**{¶ 6}** In his brief Simons claims that no traffic citation was issued for the collisions. But this is a civil case that rises or falls on its own merits and whether a citation was issued arising from an accident doesn't matter because that is not admissible. *Wolfe v. Baskin*, 137 Ohio St. 284, 28 N.E.2d 629 (1940); *Barge v. House*, 94 Ohio App. 515, 110 N.E.2d 425 (2d Dist.1952). Furthermore we cannot accept as fact his statements in his brief that he appeared at the scene after the accident because there is no transcript to

verify what evidence was actually presented at trial.

**{¶ 7}** The assignment of error is overruled.

**{¶ 8}** Judgment in favor of Doris Eubanks and Martha Rose and against Shawn Simons for $5,420.00 and court costs is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Doris Eubanks
Martha Rose
Judith Simons
Shawn Simons
Hon. Robert E. Messham, Jr.