[Cite as *Sideline, Inc. v. Mosketti*, 2018-Ohio-2109.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SIDELINE, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27868 |
| | : | |
| v. | : | T.C. NO. 2015-CV-5623 |
| | : | |
| RUDOLPH J. MOSKETTI | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 1st day of June, 2018.

. . . . . . . . . .

SUE SEEBERGER, Atty. Reg. No. 0059730, 5975 Kentshire Drive, Suite D, Dayton, Ohio 45440
        Attorney for Plaintiff-Appellee


TODD BRYANT, Atty. Reg. No. 0072738, 122 West Main Street, Troy, Ohio 45373
        Attorney for Defendant-Appellant

. . . . . . . . . . . .


DONOVAN, J.

**{¶ 1}** This matter is before the Court on the January 22, 2018 Notice of Appeal of Rudolph J. Mosketti. Mosketti appeals from the January 8, 2018 decision of the trial court affirming in part and overruling in part the Magistrate's decision on Sideline, Inc.'s October 23, 2015 "Complaint for Breach of Contract, Unjust Enrichment, Constructive Trust, Fraud, Negligent Misrepresentation, Compensatory Damages, and Attorney's Fees," and on Mosketti's counterclaim for breach of contract and tortious interference.

**{¶ 2}** The dispute herein arises from a "Land Installment Contract" entered into on May 10, 2013, by Mosketti, as the seller, and Mark Ewart, the president of Sideline, Inc., as the buyer, for property located at 4090 Wilmington Pike. Sideline, Inc. subsequently operated a sports bar at the Wilmington Pike premises from November of 2013 to August of 2014.

**{¶ 3}** After a four-day bench trial on February 21, 22, 28, and March 1, 2017, the Magistrate determined that Mosketti "anticipatorily breached" the Land Installment Contract on or about May 1, 2014, when he informed Sideline, Inc. "that Huntington [B]ank had 'pulled the trigger' and began foreclosure proceedings" on a twelve-month mortgage Mosketti secured with the Wilmington Pike property. The Magistrate found that Sideline, Inc. is "entitled to $72,865.05 in damages as and for (sic) Moskett[i']s breach of contract." The Magistrate determined that "Sideline, Inc. has established Mosketti would be unjustly enriched by being permitted to retain the benefit of the repairs and improvements made by Sideline" to the premises. The Magistrate determined that "Sideline, Inc., is entitled to compensatory damages against Mosketti for Fraud. However, Plaintiff has failed to prove that punitive damages are appropriate." According to the Magistrate, "Sideline,

Inc.'s claims for negligent misrepresentation and constructive trust fail."

{¶ 4} On Mosketti's objections, the trial court determined that Sideline, Inc.'s, fraud claim failed as a matter of law. In that claim, Sideline, Inc., alleged that Mosketti had a duty to disclose to it that at the time the parties entered into the "Land Installment Contract," "Mosketti was dealing with Huntington Bank and signed a twelve-month long mortgage, * * * and Mosketti concealed this material fact," as well as the fact that Mosketti defaulted on the mortgage. According to the fraud claim, Sideline, Inc. justifiably relied on Mosketti's representations to its detriment and "had to cease its operations, vacate the Property, and lose its investment of approximately $100,000.00 in improvements and renovations to the Property." The trial court determined that the mortgage at issue was a matter of public record, and that it was recorded on March 28, 2013, before the parties executed the land contract, citing *The Huntington National Bank v. Rudolph J. Mosketti, Jr., et al.,* Montgomery C.P. No. 2014 CV 02083 (April 8, 2014). The court determined that "one may not justifiably rely on representations made by others regarding information available to both parties." The trial court sustained Mosketti's fifth objection regarding the fraud claim and affirmed the balance of the Magistrate's decision, awarding Sideline, Inc., $72,865.05.

{¶ 5} Mosketti asserts six assignments of error herein as follows:

THE TRIAL COURT ERRED BY FINDING THAT DEFENDANT BREACHED THE LAND CONTRACT BY ANTICIPATORY REPUDIATION UPON THE FILING OF A FORECLOSURE ACTION ON THE SUBJECT PROPERTY.

And,

THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFF WAS NOT REQUIRED TO CONTINUE PERFORMANCE ON THE LAND CONTRACT AFTER DEFENDANT'S ALLEGED ANTICIPATORY REPUDIATION.

And,

THE TRIAL COURT ERRED BY FAILING TO FIND THE PLAINTIFF ABANDONED THE PROPERTY AND LAND CONTRACT PRIOR TO ANY ACTUAL BREACH BY DEFENDANT.

And,

THE TRIAL COURT ERRED IN AWARDING PLAINTIFF SPECIAL CONTRACT DAMAGES WHEN PLAINTIFF DID NOT PLEAD FOR SPECIAL DAMAGES AS REQUIRED BY CIVIL RULE 9(G) AND ITS PRETRIAL STATEMENT SPECIFICALLY STATED THAT PLAINTIFF WAS NOT CLAIMING ANY SPECIAL DAMAGES.

And,

THE TRIAL COURT ERRED BY FINDING DEFENDANT LIABLE FOR UNJUST ENRICHMENT.

And,

THE TRIAL COURT ERRED IN CALCUALTING PLAINTIFF'S DAMAGES.

**{¶ 6}** Having reviewed the record, we note that a transcript of the proceedings before the Magistrate has not been filed by Mosketti.[1] Sideline, Inc., argues that, in the

---

[1] We note that the Court's Civil Docket Statement provides that the record herein includes

absence of a written transcript, "this Court must presume the regularity of the proceedings and validity of the rulings in the Trial Court without reaching the merits of Mosketti's Six Assignments of Error."

**{¶ 7}** We note that Montgomery County Local Rule 2.31, which in part governs the procedures for objecting to a Magistrate's decision, provides that a transcript of the proceedings "may be filed in CD or paper form." Loc.R. 2.31(G)(2). Counsel for Sideline, Inc., in fact filed a CD of the proceedings before the Magistrate in the trial court. App.R. 9(B)(1), however, provides that " * * * it is the obligation of the *appellant* to ensure that the proceedings *appellant* considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." App.R. 9(B)(6) does not allow for a CD of the trial before the Magistrate for review.

**{¶ 8}** "Because [Mosketti] has not provided us with a transcript of the proceedings or an acceptable substitute under App.R. 9, we have nothing to review and therefore cannot conclude that the trial court erred in finding him liable to" Sideline, Inc. *Eubanks v. Simons*, 2d Dist. Clark No. 2017-CA-50, 2018-Ohio-519, ¶ 5. As this Court noted in *Eubanks*, "[i]t is the duty of the appellant to provide a transcript or acceptable substitute because the appellant is required to show the error he claims the trial court made. *Wolf v. Rothstein*, 2016-Ohio-5441, 61 N.E.3d 1, ¶ 6 (2d Dist.)." *Id.* "Under these circumstances, we must presume regularity of the proceedings below and affirm the trial court's judgment. *Namenyi v. Tomasello*, 2d Dist. Greene No. 2013-CA-75, 2014-Ohio-

a summary of the docket and journal entries only, and that no transcript, App.R.9(C) statement, or agreed statement will be filed.

4509, ¶ 26-29." *Id.* It was incumbent upon Mosketti to provide a printed transcript of the trial before the Magistrate, not a CD.

**{¶ 9}** Mosketti's assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Sue Seeberger
Todd Bryant
Hon. Steven K. Dankof