[Cite as *Northridge Local Schools Bd. of Edn. v. Murphy*, 2025-Ohio-1199.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| BOARD OF EDUCATION OF THE NORTHRIDGE LOCAL SCHOOL | : | |
| | : | |
| | : | C.A. No. 30300 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CVI 01130 W |
| v. | : | |
| | : | (Civil Appeal from Municipal Court) |
| BANINA MURPHY | : | |
| | : | |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 4, 2025

. . . . . . . . . . .

BANINA MURPHY, Pro Se Appellant

PAMELA A. LEIST & DUSTIN A. KOSLEN, Attorneys for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Banina Murphy appeals from the trial court's entry of default judgment against her and in favor of Plaintiff-Appellee Board of Education of the Northridge Local School District ("the District") in the amount of $2,481.31. Because Murphy did not provide a transcript of the trial court's proceedings as required under

App.R. 9 and did not file a proper brief in accordance with App.R. 16, her appeal is dismissed.

## I.     Facts and Course of Proceedings

{¶ 2} Murphy was employed by the District as a custodian. Her hourly rate of pay was $22.50 for the 2023-2024 contract year, which began on July 1, 2023. Her payroll was calculated at $1,950 per pay period and was to be paid over 24 payroll dates throughout the contract year.

{¶ 3} In April 2024, before the end of the contract year, Murphy resigned from her position, and her last date of employment was on April 18, 2024. At that time, she had worked 186 days for eight hours each day at $22.50 per hour, earning a total of $33,480 in wages. However, over the course of the contract year, she had been paid $37,050 and, thus, was overpaid by the District in the amount of $3,570. After credits for accumulated leave and health insurance premiums, taxes and other deductions were applied to the amount owed, Murphy still owed the District $2,481.31.

{¶ 4} The District notified Murphy regarding the overpayment of wages and her obligation to repay, but she refused to arrange for payment or tender the funds. The District then filed its complaint seeking money damages for unjust enrichment. The trial court entered default judgment against Murphy because she failed to answer or otherwise appear in the matter.

{¶ 5} Murphy filed a notice of appeal. Thereafter, a show cause order was filed notifying Murphy that she was to either file a transcript of the trial court's proceedings or show cause as to why the record should not be deemed completed. In response to the

show cause order, Murphy filed a response in the form of a letter but did not address the order to show cause, and the record was later deemed complete without a transcript of the proceedings.

## II. Discussion

{¶ 6} On appeal, Murphy appears to generally contend that the trial court erred in granting default judgment in favor of the District, as she does not believe that she was overpaid. However, not only does Murphy's brief appear to be a letter containing no recognizable assignment of error, no citations to the record, no discernable arguments, and no caselaw, but she also did not provide a transcript of the proceedings essential to our review.

{¶ 7} For appellate review, Murphy was required to submit a brief in accordance with App.R. 16. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

App.R. 16(A). "A court of appeals may disregard any assignments of error not separately argued, or any arguments not supported by references to the record." *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2011-Ohio-5557, ¶ 11 (2d Dist.), citing App.R. 12(A)(2); *Countrywide Homes, Inc. v. Swayne,* 2010-Ohio-3903, ¶ 58 (2d Dist.).

{¶ 8} Murphy was also required to submit a transcript of the trial court's proceedings. App.R. 9(A)(1) provides that the record on appeal shall be composed of the original papers and exhibits filed in the trial court, the transcript of the proceedings, including any exhibits, and a certified copy of the docket and journal entries prepared by the trial court. "The appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court." App.R. (9)(B)(3). "If the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of the proceedings that includes all evidence relevant to the findings or conclusion." App.R. (9)(B)(4).

**{¶ 9}** "The duty to provide a transcript for appellate review falls upon the appellant," as the appellant is required to show the error that she claims the trial court made and has the burden of demonstrating that error by reference to matters in the record. *Eubanks v. Simons*, 2018-Ohio-519, ¶ 5 (2d Dist.), citing *Wolf v. Rothstein*, 2016-Ohio-5441, ¶ 6 (2d Dist.); *Knapp v. Edwards Laboratories*, 61 Ohio St. 2d 197, 199 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.

**{¶ 10}** Murphy did not provide us with a transcript of the proceedings or an acceptable substitute under App.R. 9, and as a result, we have nothing to review. We must accept the facts as presented by the trial court, and therefore we cannot review any disputed factual issues regarding Murphy's overpayment in wages.

**{¶ 11}** It was incumbent upon Murphy to submit a proper brief and provide a transcript of the trial court's proceedings, she did not satisfy this obligation. Pro se litigants are presumed to have knowledge of the law and legal procedures and must follow the same procedures as litigants represented by counsel. *In re Estate of Taylor*, 2024-Ohio-1496, ¶ 69 (2d Dist.), quoting *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5. Such litigants are held to the same standard as litigants who are represented by counsel. *Id.*, citing *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (2001). Although Murphy proceeded in her appeal pro se, we

cannot afford her special treatment in this appeal. Under these circumstances, even if she had assigned error, we would be required to presume the regularity of the proceedings below.

### III.    Conclusion

**{¶ 12}** Because Murphy failed to comply with the applicable appellate rules, Murphy's appeal is dismissed.

. . . . . . . . . . . . .


EPLEY, P.J. and HANSEMAN, J., concur.