[Cite as *A.M.F. v. E.C.K.F.*, 2025-Ohio-2594.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | |
|---|---|
| A.M.F., | : |
| Plaintiff-Appellee, | : |
| v. | : |
| E.C.K.F., | : |
| Defendant-Appellant. | : |

No. 114425

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 24, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-23-395909

*Appearances:*

E.C.K.F, *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} G.F.'s father, defendant-appellant E.C.K.F. ("Father"), appeals the trial court's decision terminating the shared parenting plan between him and G.F.'s mother, plaintiff-appellee A.M.F ("Mother"), and designating Mother the residential parent and legal custodian of G.F. and his minor siblings. Upon review, we affirm the trial court's decision.

## I.    Facts and Procedural History

{¶ 2}    This appeal arises from a custody dispute.  The underlying action commenced in August 2023, when a petition to register a foreign parenting order was filed by Mother.  The foreign parenting order, which resulted from Father and Mother's 2019 divorce in California, included a shared parenting plan.  The parenting order was confirmed and registered by the trial court in September 2023.  Mother subsequently filed a motion for the immediate return of G.F. after Father violated the newly registered order and withheld Mother's parenting time with G.F.  Father opposed the motion and a pretrial was held.  In October 2023, the trial court made temporary parenting orders, required that the parties communicate exclusively through a coparenting application, and appointed a guardian ad litem ("GAL").

{¶ 3}    In November 2023, Mother filed a motion to change the allocation of parental rights and responsibilities.  Mother requested that the shared parenting plan be terminated and she be the sole residential parent and legal custodian of the parties' minor children, including G.F. (collectively "Children").  Father opposed the motion and requested that the trial court grant him full legal and physical custody of G.F.  A pretrial was held, additional conditions were made to the temporary parenting order, and a trial was scheduled.

{¶ 4}    Prior to trial, Father made multiple filings, including witness and exhibit lists, subpoena notices, motions, and briefs.  The GAL also filed a report. The report described a complicated and conflict-ridden relationship between the parties,

with each offering differing versions of events.  The report also detailed the family's history with child protective services, inconsistent narratives provided by the Children's adult siblings and relatives, and the various opinions of educators and counselors.  Ultimately, the GAL recommended that shared parenting be maintained, with Father being designated as the residential parent of G.F. and Mother remaining as the residential parent of G.F.'s minor siblings.  The GAL reserved the right to modify her recommendation based on new evidence prior to or during a full hearing on the matter.

{¶ 5}  In January and February 2024, the matter proceeded to trial before a magistrate.  Following trial, Father continued to file numerous "emergency" requests, memos, briefs, notices, and motions, including a motion to amend his custody request to include all of the Children, his own motion to change the allocation of parental rights and responsibilities, and a motion for supervised visitation.

{¶ 6}  On June 21, 2024, the magistrate issued a decision.  Based on evidence admitted at trial, the evidence supplemented post-trial, and the applicable law, the magistrate granted Mother's motions for immediate return of G.F. and to modify parental rights and denied Father's motions to amend his custody request, to modify parental rights, and for supervised visitation.  In so ruling, the magistrate made lengthy findings of fact, noting that "[t]he events which led to the current debacle are somewhat blurry" and "the parties further engaged in dysfunction" following trial.  The magistrate also noted that "[t]he evidence at trial produced a

classic case of each parent attempting to paint themselves as saints and the other as the villain."

{¶ 7} The magistrate then conducted an extensive legal analysis, discussing relevant statutes, procedures for modifying prior parental-rights-and-responsibilities decrees, and factors to consider when determining children's best interests. The magistrate applied "relevant information" to each best-interest factor, noted further concerns and considerations, and concluded that it was not in the best interest of the Children to reallocate parental rights and responsibilities solely to Father. Finally, the magistrate explained why he declined to follow the GAL's recommendation, noting that "Father's actions in total" — including those after trial — led to her belief that shared parenting did not remain in the best interest of any of the Children.

{¶ 8} Finding that immediate relief was justified and necessary, the magistrate recommended terminating shared-parenting and designating Mother as the residential parent and legal custodian of the Children. The magistrate's decision stated, "Mother . . . may use all means necessary — including the employment of law enforcement — to return . . . G.F. to Mother . . . ." The magistrate also recommended therapy for the Children and a suspension of Father's visitation. The magistrate's decision advised that Father could petition the Court for visitation after one year if he underwent a full-psychological examination and therapy with a licensed therapist about parental alienation, high-conflict familial relationships, and family

separation. On June 24, 2024, a Civ.R. 53(D)(4)(e)(ii) interim judgment entry was issued, adopting the magistrate's decision in its entirety.[1]

{¶ 9} Father proceeded to file several motions, briefs, memorandums, and notices, including a notice of his intent to appeal and submit objections to the magistrate's decision. On July 5, 2024, Father filed his objections to the magistrate's decision, claiming that it failed to adhere to statutory guidelines, prioritized unfounded assumptions over substantial evidence, disregarded the GAL's recommendation and other critical evidence, and compromised the safety of G.F. Father's objections were not supported by a transcript or an affidavit of the evidence submitted to the magistrate.

{¶ 10} On July 23, 2024, the trial court issued a judgment entry regarding Father's objections to the magistrate's decision. The trial court found that Father objected to the magistrate's factual findings but failed to request or file a copy of the transcript of the proceedings. As a result, the trial court concluded that it must accept the magistrate's findings of fact and limit its review of the magistrate's conclusions of law. Ultimately, the trial court overruled Father's objections, finding that there were "no errors of law evident on the face of the decision." The trial court then adopted the magistrate's decision in its entirety.

{¶ 11} Father filed numerous motions and notices in response, including a notice of appeal of the July 23, 2024 judgment entry. This court dismissed the

---

[1] This rule provides: "The court may enter an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified."

appeal sua sponte for lack of a final appealable order, finding that although the trial court overruled Father's objections and adopted the magistrate's decision, it failed to enter a separate judgment stating the relief to be afforded and simply incorporated the magistrate's recommendations without entering its own independent judgment disposing of the matters at issue. *See [E.C.K.F.] v. [A.M.F]*, 8th Dist. Cuyahoga No. 114267 (Aug. 22, 2024).

{¶ 12} Following the appeal's dismissal, Father filed various motions and notices. On September 4, 2024, the trial court issued a judgment entry adopting the magistrate's decision in its entirety, granting Mother's related motions, and denying Father's. The judgment entry terminated the shared parenting plan, designated Mother as the residential parent and legal custodian of the Children, recommended therapy for the Children, and suspended Father's visitation. That same day, the trial court judge recused herself from the matter to preclude any appearance of impropriety or conflict of interest "due to recent inaccurate and inflammatory statement in social and print media by [Father]." Father's filings continued and, after several additional recusals, the matter was successfully reassigned.

{¶ 13} On October 4, 2024, Father filed a notice of appeal of the September 4, 2024 judgment entry, raising the following five assignments of error for review.

## Assignment of Error No. 1

The trial court erred by failing to consider or include uncontested, relevant evidence showing physical violence, that it had acknowledged viewing during multiple pre-trial hearings and that was further

referenced in the Guardian ad Litem report submitted into evidence. This evidence, including video footage showing the physically violent incidents . . ., was critical to determining the best interest and immediate safety of [G.F.].

## Assignment of Error No. 2

The magistrate committed reversible and plain error by including demonstrably false statements in the [f]indings of [f]act, which undermined the fairness, accuracy, and application of the law in the ruling and jeopardized the safety of G.F, within just 24-hours of its issuance.

## Assignment of Error No. 3

The magistrate failed to address and include key evidence, including video footage of violence and assault in the presence of G.F., his repeated disclosures of abuse to authorities, which directly impacted the child's ongoing well-being and safety. This omission violated the legal standard for determining the best interest of the child, as supported by Ohio case law such as *In re A.M.* (2020), which requires courts to consider all known relevant factors in child custody decisions. The trial court's ruling goes against the manifest weight of the evidence, as no evidence exists to support its findings. The magistrate simply adopted [M]other's false narrative and crafted a ruling to fit that narrative, not based in facts or evidence.

## Assignment of Error No. 4

Under the Fourteenth Amendment of the U.S. Constitution and . . . R.C. 3109.04, parents have a fundamental right to the care, custody, and control of their children. This right cannot be infringed without a compelling State interest. In this case, the court's failure to consider all evidence, including video footage depicting violence and manipulation that directly harms G.F., resulted in an unjust decision that violated [F]ather's parental rights, and egregiously violated the rights of G.F. to live and be cared for in a home free of violence or the threat of violence.

## Assignment of Error No. 5

The magistrate's exclusion of relevant evidence including a request for a subpoena by [Father], constitutes reversible error. It is particularly egregious because the [m]agistrate[']s ruling uses this incident as a

means to justify stripping custody of him, after egregiously adapting [M]others' versions of events in his final ruling and denying relator's request for a subpoena to prove that [Mother] was lying to the court about false allegations in an effort to hide the assault, which resulted in her being charged with disorderly conduct. Ohio courts have consistently held that a failure to consider all relevant factors, especially in matters involving child custody, warrants reversal.

In addition to his appellate brief, Father filed a statement of evidence with his own affidavit, which was notarized November 16, 2024.

## II. Law and Analysis

### A. Record on Appeal

{¶ 14} As an initial matter, we address this appeal's record and the statement of evidence submitted by Father.

{¶ 15} The record on appeal and the contents of that record are established by App.R. 9. Under App.R. 9(A), the appellate record includes only the original papers and exhibits filed in the trial court and a certified copy of the docket and journal entries. If necessary for the resolution of the appeal, an appellant can elect to include one of the following additional items: (1) complete or partial transcripts under App.R. 9(B), (2) a statement of the evidence or proceedings under App.R. 9(C), or (3) an agreed statement under App.R. 9(D). These selections are made in a praecipe filed along with an appellant's notice of appeal, and the appellate record is prepared accordingly.

{¶ 16} Here, Father only selected an App.R. 9(A) record on appeal. Accordingly, transcripts are not included in the appellate record. Moreover, Father filed a statement of evidence despite not having selected the option to include such

a statement under App.R. 9(C). Thus, it appears that Father is attempting to amend his praecipe and change the designated appellate record without leave of court. Moreover, Father's statement of evidence does not comply with the parameters set forth in App.R. 9(C).[2] Indeed, the rule specifically provides:

> In cases initially heard in the trial court by a magistrate, a party may use a statement under this division in lieu of a transcript if the error assigned on appeal relates solely to a legal conclusion. If any part of the error assigned on appeal relates to a factual finding, the record on appeal *shall* include a transcript or affidavit previously filed with the trial court as set forth in Civ.R. 53(D)(3)(b)(iii)[3] . . . .

(Emphasis added.) App.R. 9(C)(2). Nothing in the record before us suggests that the transcripts were unavailable. Nor did Father file any transcripts or affidavits with his objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(iii). Therefore, Father's statement of evidence will not be considered and is stricken.

## B. Post-Decree Modification of Parental Rights

{¶ 17} Father's five assignments of error challenge the trial court's decision to modify Father and Mother's parental rights and responsibilities by terminating the prior shared parenting plan and designating Mother as the residential parent

---

[2] During his oral argument, Father asserted that he filed his statement of evidence and affidavit with the trial court without objection. Based on our review of the trial court's docket, we note that Father filed a notice of submission of documents, which included the affidavit from his statement of evidence, on November 18, 2024. Because this notice was filed after Father's notice of appeal and the record was not supplemented, it is not part of the appellate record, and we need not consider its purported compliance with App.R. 9(C).

[3] Civ.R. 53(D)(3)(b)(iii) provides: "An objection to a factual finding . . . shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

and legal custodian of the Children. Father asks this court to reverse the trial court's entire decision, overturn its findings of fact and best-interest determination, remand the case for further proceedings before the newly assigned judge, and order that G.F. be returned to his care and custody.

{¶ 18} A reviewing court will not overturn a trial court's modification of a parenting agreement or its best-interest determination absent an abuse of discretion. *In re I.L.J.*, 2023-Ohio-2960, ¶ 43 (8th Dist.), citing *Masters v. Masters*, 69 Ohio St.3d 83, 85 (1994); *In re N.J.V.*, 2025-Ohio-375, ¶ 35 (8th Dist.), citing *In re F.T.*, 2020-Ohio-1624, ¶ 60 (8th Dist.). A trial court's adoption of a magistrate's decision is also reviewed under the abuse-of-discretion standard. *S.S. v. T.M.*, 2025-Ohio-1827, ¶ 10 (8th Dist.), citing *Vannucci v. Schneider*, 2018-Ohio-1294, ¶ 21 (8th Dist.), citing *Abbey v. Peavy*, 2014-Ohio-3921, ¶ 13 (8th Dist.). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blue v. Bur. of Workers' Comp.*, 2023-Ohio-3481, ¶ 10 (8th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 19} R.C. 3109.04 governs shared parenting and the allocation of parental rights and responsibilities for the care of children. R.C. 3109.04(E)(1)(a) provides:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

R.C. 3109.04(F)(1) sets forth a nonexhaustive list of relevant factors for the trial court to consider when analyzing the best interest of the child. These factors are:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers . . . regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; . . .

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

R.C. 3109.04(F)(1). When determining whether shared parenting is in the best interest of the children, the trial court must consider additional factors, including:

(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;

(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;

(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;

(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;

(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.

R.C. 3109.04(F)(2).

{¶ 20} Here, the magistrate's decision included thorough findings of fact and conclusions of law based on the evidence admitted at trial and supplemented post-trial. The magistrate applied the relevant evidence to each best-interest factor, noted further concerns and considerations, and concluded that it was not in the best interest of the Children to reallocate parental rights and responsibilities solely to Father. After making these findings, the magistrate recommended granting Mother's motions for immediate return of G.F. and to modify parental rights, denying Father's motions, and designating Mother the residential parent and legal custodian of the Children. Father objected to the magistrate's decision, disputing the findings of fact made therein, but did not include a transcript or an affidavit of the evidence submitted to the magistrate as required by Civ.R. 53(D)(3)(b)(iii). The trial court overruled Father's objections, noting that it must accept the magistrate's findings of fact and limit its review to the magistrate's conclusions of law in the

absence of a transcript. The trial court found that there were "no errors of law evident on the face of the decision." The trial court then adopted the magistrate's decision in its entirety.

{¶ 21} On appeal, Father's assignments of errors contest the trial court's assessment of the evidence and findings of fact. Throughout his appellate brief, Father refers to testimony and evidence admitted or sought to be admitted at trial. However, the record before this court does not include transcripts of the trial court's proceedings.

{¶ 22} "'The absence of a transcript or affidavit of evidence restricts the scope of review at both the trial court and appellate levels.'" *James v. My Cute Car, LLC*, 2017-Ohio-1291, ¶ 15 (10th Dist.), quoting *Cargile v. Ohio Dept. of Adm. Servs.*, 2012-Ohio-2470, ¶ 10 (10th Dist.). As noted by the trial court when it overruled Father's objections to the magistrate's decision, a trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts in the absence of both a transcript and an affidavit. *Id.*, citing *Ramsey v. Ramsey*, 2014-Ohio-1921, ¶ 16-18 (10th Dist.). Similarly, where there is no transcript submitted on appeal, there is a presumption that the trial court's proceedings were validly conducted, and an appellate court must presume that the trial court's decision is correct. *Id.*, citing *Barksdale v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-395, ¶ 17 (10th Dist.).

{¶ 23} "'The duty to provide transcripts for appellate review falls upon the appellant'" since appellants are required to show the errors they claim the trial court

made and bear the burden of demonstrating those errors by reference to matters in the record. *Bd. of Edn. v. Murphy*, 2025-Ohio-1199, ¶ 9 (2d Dist.), quoting *Eubanks v. Simons*, 2018-Ohio-519, ¶ 5 (2d Dist.), and citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp* at 199; *see also Univ. Hts. v. Johanan*, 2022-Ohio-2578, ¶ 12 (8th Dist.), quoting *Smith v. Smith*, 2019-Ohio-114, ¶ 13 (10th Dist.) ("'We cannot substitute our judgment for that of the trial court, presume evidence not offered, or facts not proved. Without a transcript, we must presume the regularity of the trial court's proceedings and affirm its judgment on appellate review.'").

{¶ 24} Here, the omission of transcripts significantly limits our ability to review Father's assignments of error. Indeed, we are unable to review witness testimony and are left to guess how and to what extent evidence was utilized throughout the course of trial. We are also left to guess whether objections were made to that testimony and evidence. Without trial transcripts or an acceptable substitute under App.R. 9 (C) or (D), as discussed above, this court must presume regularity and accept the facts as presented by the trial court. This presumption is not undermined by any evidence in the record before this court.

{¶ 25} Although Father acted pro se in the proceedings below and is acting pro se in the instant appeal, it is well established that "'pro se litigants are presumed

to have knowledge of the law and legal procedures and . . . are held to the same standards as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Indeed, "'[p]ro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 2008-Ohio-4586, ¶ 9 (8th Dist.), quoting *Williams v. Lo*, 2008-Ohio-2804, ¶ 18 (10th Dist.). Therefore, Father's failures to comply with App.R. 9 and fulfill his duty of filing the necessary transcripts to enable this court to evaluate the trial court's judgment cannot be excused on the basis that he is acting pro se.

{¶ 26} Based on the foregoing analysis, and without a transcript or App.R. 9(C) statement to support Father's claims, we affirm the trial court's decision and overrule his five assignments of error.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR